SPINNER v. NEW YORK CENTRAL AND HUDSON RIVER RAIL-
ROAD COMPANY, appellant.

*Railroads — fences and gates — Negligence — of servants of railroad company.*

Plaintiff's cattle strayed from the highway through a farm-gate in a fence
built by a railroad company alongside its roadway on to the track, and were
killed by a passing train. It appeared that one of the hinges of the gate
was loose, so that it was somewhat difficult but not impossible to close it,
and it was claimed that the railroad company was accustomed to use this
gate for its own business. *Held*, (1) that there was a substantial compliance
with the statutes relating to railroad fences (Laws 1850, chap. 140, § 44;
1854, chap. 282, § 8); and (2) that if it was the fact that the company were
accustomed to use the gate, and the gate was left open through the negli-
gence of any of the servants of the company, such negligence would be that
of the company, for which it would be responsible.

APPEAL from a judgment in favor of plaintiff in an action tried
at the circuit. The action was brought in Herkimer county by
John D. Spinner against the defendant, to recover for injuries to
plaintiff's cattle while on defendant's track. The cattle strayed
from the public highway in upon the track, through an open. farm-
gate erected by defendant in a fence alongside its track for the use
of one Farrington, who owned land adjoining the roadway. The
case was tried at the Herkimer circuit before Mr. Justice MORGAN
and a jury. The court submitted only the question of damages to
the jury, and reserved the other questions in the case for further
consideration. A case was settled and brought to argument before
the same judge at special term. He subsequently made his deci-
sion thereon, ordering judgment for plaintiff upon the verdict, from
which judgment defendant appealed.

There was evidence given to show that the defendant's agents and
servants were accustomed to use the gate for the purposes of en-
trance to and exit from one of its freight depots, and that persons
having freight business with defendant also used it. It also appeared
that one of the hinges of the gate was loose, rendering it somewhat
difficult to close such gate. It did not clearly appear by whom the
gate had been left open on the night when plaintiff's cattle strayed
through it. The judge, however, held that the neglect of the com-
pany to repair the gate was one cause of it being left open, and that

it was the duty of the company to keep the gate in repair, and that having failed in that duty they were liable for the consequences of its being left open.

*S. W. Jackson,* for appellant.

*Amos H. Prescott,* for respondent.

E. DARWIN SMITH, J. The statutes of 1850 (chap. 140, § 44) and 1854 (chap. 282, § 8), requiring railroad companies to erect and maintain fences on the side of their road, with openings or gates or bars therein, for the use of the proprietors of the land adjoining their railroad, we think, was sufficiently complied with in this instance. The defendants had erected, constructed and maintained the proper fence and gate at the place where the accident occurred.

The accident was not caused by the omission to erect or maintain the fence or gate, but from the omission to keep shut or closed the gate erected for the use of the proprietor of the adjoining land.

The gate was not out of repair, so far as to furnish any just ground or pretense to hold that the company had failed or omitted to erect and maintain a proper fence and gate.

Whether the defendants were responsible for the killing and injuring the plaintiff's cattle, depended, we think, entirely upon the question whether the said gate was at the time used by them in their business, or by their agents, or persons doing business with said company, for access to their depot or road from the highway, and was left open at the time when the injury occurred, by or through the carelessness or negligence of the said defendants, or their agents or employees.

If the defendants were accustomed to use the gate in question for their accommodation, or for the accommodation or convenience of persons doing business with them at their depot, at that point on their railroad, and on the night in question it was left unclosed by or through the carelessness of any of their agents, such negligence would be the negligence of the defendants, and for which they would be duly responsible in this action.

This question, we think, should have been submitted to the jury. There should, therefore, be a new trial, with costs to abide the event.

*New trial ordered.*